Scofield, J.,
delivered the opinion of the court:
This is a claim for unliquidated damages, growing out of written, oral, and implied contracts for improvements in the Tennessee River, under the direction of the War Department.
The claim accrued prior to 1873. For six years thereafter this court had jurisdiction under section 1059 of the Revised Statutes u to hear and determine ” the matters in dispute between the claimant and the Government; but section 1069 provides that such claims, unless presented to the court “ within six years after the claim first accrues, * * * shall be forever barred.” The claim was not presented to the court within that time.
The accounting officers of the Treasury Department are not authorized to adjust unliquidated damages of this nature, and the claim was not presented there.
It was before the Secretary of War, but the alleged damages were not calculated nor paid by him, but were rejected prior to 1882.
*326 The last clause of section 3 of the Bowman Act provides that tbis court shall not u have jurisdiction of any claim against the United States which is now (March 3, 1883) barred by virtue of the provisions of any law of the United States” (act of March 3, 1883, 22 Stat. L., 485).
The court is thus forbidden to make any finding of facts in the case.
The claimant’s petition is therefore dismissed.